Emory BOWENS, Appellant,

v.

The STATE of Texas, Appellee.

No. 42017.

Court of Criminal Appeals of Texas.

April 30, 1969.

Rehearing Denied June 18, 1969.

W. John Allison, Jr., Dallas, on appeal only, for appellant.

Henry Wade, Dist. Atty., Malcolm Dade, Camille Elliott and James P. Finstrom, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The appeal is from a conviction for the felony offense of operating a motor vehicle upon a public highway while intoxicated, with punishment assessed at 180 days in jail and a fine of $250.00.

Ground of error No. 1 relates to the sufficiency of the evidence to identify appellant as the same person convicted of the misdemeanor offense of driving while intoxicated on April 2, 1953, in County Criminal Court No. 2 of Dallas County, in Cause No. 4720–B, entitled The State of Texas vs. Emory Bowens.

Certified copy of the judgment of conviction in the 1953 case described in the indictment was introduced in evidence. Appellant's counsel agreed to stipulate that appellant was the same Emory Bowens who was convicted in that cause. Appellant, as a witness in his own behalf, testified that he was convicted back in 1953 for a misdemeanor offense of driving while intoxicated. Ground of error No. 1 is overruled.

Ground of error No. 2 complains that the court committed reversible error in allowing a state's witness to testify to rank hearsay, thus depriving defendant of his guaranteed right to be confronted with the witnesses against him, all in violation of a mandatory statute. Art. 1.05 Vernon's Ann.C.C.P.; Texas Constitution, Art. I, Sec. 10, Vernon's Ann.St.

The argument in support of this ground of error sets out portions of the testimony of arresting officer M. R. Henson regarding appellant's actions in the presence of Sgt. Reed, jail supervisor, before he was booked into jail.

"Q. All right. Who was the jail supervisor on that day?

"A. Sgt. Reed.

"Q. Approximately how long has Sgt. Reed been a member of the Dallas Police Department?

"A. I am not sure, in excess of twelve years.

"Q. And did the defendant ever leave the north wall there?

"A. Yes, he did.

"Q. And where did he go?

"A. He walked over to the counter with the supervisor, sir.

"Q. And what prompted him to go over there?

"A. The supervisor asked him to go over there.

"Q. All right. In other words, this jail supervisor there watched him walk across that ten or fifteen feet?

"A. Yes, he did.

"Q. All right. Did you observe him also?

"A. Yes.

"Q. All right. Was his walk approximately the same as you have testified before?

"A. Yes, it was.

"Q. All right. Did the jail supervisor have a conversation with the defendant there in front of that desk?

"A. Yes, he did.

"Q. All right. Now, without going into the contents of the conversation, did you hear it also?

"A. Yes, I did.

"Q. And was his speech—the manner in which he was speaking approximately the same?

"A. Yes, it was.

"Q. All right. And this was when he was talking to the jail supervisor?

"A. Yes."

He was then asked: "Officer, if you know, what was Sgt. Reed's duty and obligation towards this defendant on that night?" and over objection on the ground that "It is immaterial," answered: "The jail supervisor has to pass on all prisoners that are booked in the city jail."

Officer Henson then testified:

"Q. Did he pass on your arrest of this defendant over here?

"A. Yes, he did.

"Q. All right. Then, he was booked into jail; is that correct?

"A. Yes, he was.

"Q. On what charge?

"A. Investigation of DWI and driving on the wrong side of the street."

Ground of error No. 2 is overruled.

The remaining ground of error complains that the trial court committed reversible error by allowing testimony of Sgt. Reed's acts and statements charging the defendant with intoxication while under arrest.

Sgt. Reed did not testify.

As we understand this ground of error and the argument in support thereof, the contention is that Officer Henson's testimony as to Sgt. Reed's acts and statements provides the state with evidence of self incrimination, all in violation of Art. 38.22 V.A.C.C.P.

The testimony referred to is not set out or identified in the ground of error.

Assuming that the grounds of error Nos. 2 and 3 relate to the above quoted testimony of Officer Henson, and that they are properly before us or raise a question which should be reviewed in the interest of justice, we find no reversible error in either of them.

The judgment is affirmed.